In the Matter of ODIN GUSTAFSON, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, June 22, 1943.

*Einar Chrystie* for petitioner.

*Odin Gustafson,* respondent in person.

*Per Curiam.* The respondent has deliberately defaulted throughout all the proceedings herein, including those before the referee. The latter, upon uncontradicted testimony adduced by the petitioner, has found the respondent guilty of the following acts of misconduct:

(1) The respondent converted to his own use the sum of $2,000 received by him as attorney for Mrs. Emily Lahr. The money was given to respondent by Mr. Lahr pursuant to the terms of a settlement agreement in a matrimonial action.

(2) Mrs. Helen Smith paid respondent the sum of $2,500 for services to be performed in connection with the settlement of the estate of her father, Charles Grosch. The respondent failed and neglected to perform any of the services for which he had been paid in full.

(3) Mr. Harry Haverkamp gave the respondent the sum of $110 in full payment for services necessary to secure his naturalization as a citizen of the United States. Mrs. Haverkamp

gave respondent the sum of $100 in full payment of his fee for services to be rendered in settlement of the estate of her brother, Anton Zur. Respondent failed to perform any services in either matter. Mr. and Mrs. Haverkamp also retained him to prosecute a claim for personal injuries on behalf of an infant son. In February, 1941, he informed them of the receipt of an offer of seventy dollars in settlement of the claim and they authorized him to accept such offer. Since that time they have been unable to ascertain from him the status of the matter.

(4) Mr. E. Leek delivered to the respondent the sum of $185 to be paid to the National City Bank on account of a loan owing to said bank. The respondent converted the money to his own use.

(5) Mrs. Nell Renstrom delivered to respondent the sum of fifty dollars to be paid to the United States Storage Company in settlement of a claim against her and her husband for packing charges. He converted the entire sum to his own use. After demand was made for the return of the money, he gave two dollars and fifty cents to Mrs. Renstrom. The balance he returned only after he had been notified that the matter was under investigation by the petitioner.

(6) Mr. Eric A. Benson delivered $120 to respondent for payment to Mr. Wellington Wallis, an attorney, of Boston, Massachusetts, for professional services rendered in the matter of the estate of Jennie Bath, the mother of Mrs. Benson. Respondent converted the entire sum to his own use and repayment was made only after notification that the matter was under investigation by the petitioner.

The respondent ignored six letters sent to him by the attorney for the petitioner between March 10, 1942, and June 4, 1942, asking him to explain the above matters. He failed to appear before the referee to whom the matter was referred for hearing. Subsequent to the filing of the referee's report, respondent requested an opportunity to submit evidence with respect to the charges. His only excuse for this deliberate default is that he knew of no evidence which would support the charges and was of the opinion that he would be able to file with this court proof that would establish his innocence thereof. He has, however, failed to submit any evidence in support of his present claim that he has a meritorious defense to the charges.

The respondent should be disbarred.

MARTIN, P. J., TOWNLEY, UNTERMYER and DORE, JJ., concur; GLENNON, J., taking no part.

Respondent disbarred.